## 47824. BROCK v. PATTERSON et al.

EBERHARDT, Presiding Judge. Plaintiff brought suit for personal injuries sustained when his motorcycle collided with an automobile owned by defendant Doris Brock. Earlier in the day Miss Brock had left it at defendant Murrel Cannady's service station to have a rattle corrected, and Cannady had taken her home and was to have someone return it that afternoon when the repairs were completed, whereupon Miss Brock was to take the driver back to the station. Miss Brock was invited to dinner at her grandmother's home, and, thinking that Cannady would return it while she was away, she stopped by the station driving her father's automobile on her way to her grandmother's. She asked Cannady to leave her automobile there until she returned after dinner, and Cannady said that he would have someone follow her home on her return.

Upon her return Cannady suggested, or Miss Brock requested, that someone follow her home driving her automobile, which was agreed upon. She offered to pay

him, but Cannady refused stating that he had been unable to do anything for her. He gave the keys to his employee, defendant William Stennett, and instructed him to follow her home and "be careful." Stennett apparently asked her where she lived, and she stated she lived just over the hill and he could follow her. Miss Brock did not pay or offer to pay Stennett and gave him no instructions as to how her vehicle was to be operated. While following her home, the collision occurred between plaintiff's motorcycle and Miss Brock's automobile being driven by Stennett. After the collision Stennett returned to the service station, worked the remainder of the day, and was paid by Cannady for the entire day including the time he was driving Miss Brock's automobile.

Upon these facts Miss Brock moved for summary judgment, which was denied. She appeals with a certificate for immediate review. *Held:*

The complaint alleged that Stennett was an employee and agent of Cannady and within the scope of his employment in operating the vehicle, but that he was also an agent of Miss Brock. However, the evidence in this case, when construed in a light most favorable to the plaintiff, clearly shows that at the time of the collision the defendant Stennett was the employee of the defendant Cannady and not of Miss Brock, and that only a bailment relationship existed between the parties with regard to Miss Brock's automobile. Under the circumstances as revealed by the record the negligence, if any, of Stennett cannot be imputed to Miss Brock. Code §§ 12-101, 105-205; *Graham v. Cleveland,* 58 Ga. App. 810 (200 SE 184); *Speed Oil Co. v. Jones,* 59 Ga. App. 625, 626 (1 SE2d 760); *Fisher v. Clark,* 60 Ga. App. 744 (5 SE2d 249); *Simmons v. Beatty,* 61 Ga. App. 759 (7 SE2d 613); *Shropshire v. Caylor,* 94 Ga. App. 37 (93 SE2d 586). See also *Saunders v. Vikers,* 116 Ga. App. 733 (4) (158 SE2d 324).

Accordingly the judgment must be reversed.

*Judgment reversed. Pannell and Stolz, JJ., concur.*

SUBMITTED JANUARY 12, 1973 — DECIDED FEBRUARY 5, 1973 — REHEARING DENIED FEBRUARY 21, 1973.

*Ross & Finch, I. J. Parkerson, Malcolm P. Smith,* for appellant.

*Tate & Kreeger, Berl T. Tate, George H. Kreeger,* for appellees.