A93A2354. TEXACO, INC. v. YOUNGBEY.
(440 SE2d 533)

JOHNSON, Judge.
Terry Paul Youngbey drove into a service station to purchase gasoline. Youngbey was unable to unlock the gas cap on the vehicle and drove off. A gas station employee, believing Youngbey dispensed gas without paying, gave chase and fired shots at Youngbey. Youngbey was charged with theft but was later acquitted. Youngbey filed suit against Texaco, Inc., the owner and the employee of the gas station. The trial court denied Texaco's motion for summary judgment despite finding that the owner and employees of the station were not actual agents of Texaco. The trial court held, however, that because the station owner displayed signs bearing the Texaco trade name, a factual issue exists as to whether the owner and employee

were the apparent agents of Texaco. On that basis, the court denied Texaco's motion for summary judgment. We granted Texaco's application for interlocutory appeal.

Texaco contends that the trial court erred in denying its motion for summary judgment because no material issue of fact exists. Specifically, Texaco argues that the mere display of signs bearing its trade name is insufficient to establish an agency relationship. We agree and reverse.

In order to recover under the theory of apparent agency, a plaintiff must present evidence that, inter alia, the apparent principal represented or held out the apparent agent as such. *McGuire v. Radisson Hotels Intl.*, 209 Ga. App. 740, 743 (2) (435 SE2d 51) (1993). The theory of apparent agency focuses on the actions of the principal rather than the agent. Id. at 743-744 (2). See *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507, 508-509 (361 SE2d 164) (1987); *Hussey, Gay &c. v. Ga. Ports Auth.*, 204 Ga. App. 504, 506 (1) (420 SE2d 50) (1992). In this case, Texaco made no representations of agency. It had no relationship with the service station in question and had no involvement with the purchase or installation of Texaco signs at the station. The station owner purchased the Texaco signs and Texaco brand motor fuels from Lance Oil, an independent business entity which was authorized to sell Texaco products. The signs were erected and displayed by the owner, not Texaco. Thus, if any agency relationship was implied, it was implied by the actions of the owner, not Texaco.

Furthermore, as stated in *Manis v. Gulf Oil Corp.*, 124 Ga. App. 638 (185 SE2d 589) (1971), displaying a company's trademark does not create apparent agency. "It is indeed a matter of common knowledge and practice that distinctive colors and trademark signs are displayed at gasoline stations by independent dealers of petroleum products suppliers. These signs and emblems represent no more than notice to the motorists that a given company's products are being marketed at the station." (Citations and punctuation omitted.) Id. at 639-640.

Finally, we note that for Youngbey to recover based on an apparent agency theory, he must present evidence that his reliance upon the representation led to his injury. *McGuire*, supra at 743 (2). Youngbey left the gas station without utilizing any of the employee's services. He has failed to show either that he relied upon the care or skill of the employee or how his reliance led to the injury complained of. See *Richmond County Hosp. Auth.*, supra at 508-509.

Because Texaco has shown that it is entitled to judgment as a matter of law and there is no genuine issue as to any material fact, the trial court erred in denying Texaco's motion for summary judgment. *Sapp v. Ga. Farm Bureau Mut. Ins. Co.*, 206 Ga. App. 209, 212

(424 SE2d 871) (1992).
*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 1, 1994.

*Jones, Cork & Miller, H. Jerome Strickland, Jr., William T. Prescott*, for appellant.
*Little & Westbury, Victoria D. Little, Thomas E. Westbury*, for appellee.