A93A2438. JOHNSON v. HARDWICK.
(441 SE2d 450)

POPE, Chief Judge.

Defendant hired Bud's Benz, a corporation of which plaintiff is owner and CEO, to rebuild the engine of his car. Bud's Benz was unable to complete the work in a timely manner, and plaintiff gave defendant a loaner car to use. While defendant had the car, the windshield was cracked and the right front bumper was damaged. When the defendant returned the car to the Bud's Benz lot after hours, he

left a note on it saying "Please let me know how much the repairs cost and I'll pay." Plaintiff obtained an estimate for the repairs in the amount of $3,277.18, but never had the car repaired. He sold the car instead, and he testified that he sold it for approximately $3,500 less than he would have been able to sell it for had it not been damaged. Defendant refused to pay for the estimated cost of the repairs, and plaintiff brought this action. Here, plaintiff appeals from the trial court's grant of summary judgment for defendant on plaintiff's claim for damage to the loaner car.

1. Plaintiff first brought this action on a contract theory based on the note defendant left on the loaner car. Defendant's promise to pay for the repairs was not enforceable because it was not given in return for any consideration. See OCGA § 13-3-40 (a). And plaintiff's contention that there was some sort of accord and satisfaction fails for the same reason. See *Hall v. Bank South, Washington County*, 186 Ga. App. 860 (368 SE2d 810) (1988) (accord and satisfaction is unenforceable if unsupported by consideration).

2. After defendant moved for summary judgment with respect to plaintiff's contract claim, plaintiff amended his complaint to add a count seeking recovery for damages to the bailed car resulting from defendant's negligence in his role as bailee. Contrary to defendant's assertion, such a claim was not barred by the passage of time because the applicable limitation period was four rather than two years. See OCGA § 9-3-31. Moreover, when bailed property is damaged while in the possession of a bailee, a presumption of negligence on the part of the bailee arises, and the burden is on the bailee to show proper diligence. *Scott v. Purser Truck Sales*, 198 Ga. App. 611 (402 SE2d 354) (1991); OCGA § 44-12-44. "In order to rebut this evidentiary presumption, the bailee must negate every inference of negligence on its part, as the presumption in itself is sufficient to support a verdict in favor of the bailor, [cits.], and it is only after the bailee has met its burden of proof by showing it exercised the required standard of diligence that the burden of going forward with the evidence shifts back to the bailor, who then has the burden of producing evidence to show negligence on the part of the bailee. [Cit.]" *Scott*, 198 Ga. App. at 613. The only testimony in the record relevant to this issue is defendant's sworn statement that he was not negligent and the testimony of defendant's son that the windshield crack was caused by a flying rock which could not have been avoided. As this evidence was not sufficient to negate every inference of negligence on defendant's part, the burden of producing evidence never shifted to plaintiff, and summary judgment on this count was improper despite plaintiff's failure to produce evidence of negligence on the part of defendant.

3. Defendant argues that summary judgment was nonetheless warranted because this action should have been brought in the name

of the corporation rather than by plaintiff individually. See OCGA § 9-11-17 (a). However, the only evidence of ownership in the record indicates that the damaged car was owned by plaintiff individually. In any case, failure to bring an action in the name of the real party in interest is not a basis for dismissal of the action until the plaintiff has a reasonable time to substitute the real party in interest. Id.

4. Defendant also points out that plaintiff as appellant did not ask the trial court to send us a transcript of the hearing held on the motion for summary judgment. We do not consider the transcript necessary to our disposition of this appeal from a grant of summary judgment. If defendant as appellee considered the transcript necessary, he could have had it prepared and sent to us himself, see OCGA §§ 5-6-41 and 5-6-42, or moved to compel plaintiff to do so.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 11, 1994.

*Howell W. Ragsdale, Jr.*, for appellant.
*Clifford H. Hardwick*, for appellee.