A99A1346, A99A1347. HOLY FELLOWSHIP CHURCH OF GOD IN
CHRIST v. BRITTAIN et al. (two cases).
(523 SE2d 93)

ANDREWS, Presiding Judge.

Holy Fellowship Church (the Church) appeals from the trial court's grant of Mark Brittain, as trustee for a group of bondholders, and Church Loans & Investments Trust's (Church Loans') motion for summary judgment. The Church filed a complaint to cancel a deed under power conveying the Church property to Brittain and Church Loans following their foreclosure.[1] The Church claims that after the foreclosure, an agreement between the securities broker that helped the Church arrange the original mortgage and Reverend Michael Paden, the Church's pastor, reinstated the loan and mortgage and waived the notice of foreclosure. Because we conclude that the securities broker had no authority to make an agreement on behalf of Brittain and Church Loans, we affirm the judgment of the trial court.

This case arose when the Church issued a deed to secure debt for $660,000 to Brittain, as trustee for a certain number of individuals who bought bonds from the Church under a trust indenture, and to Church Loans, which also loaned money to purchase the property. By November 1, 1997, the Church was in arrears on its payments to Brittain and Church Loans, who notified the Church that they were accelerating the debt. The notification also provided that "no future

---

[1] The Church filed a first notice of appeal on June 11, 1998, after the court granted Brittain and Church Loans' motion for summary judgment. The Church filed a second notice of appeal on November 20, 1998, after the trial court denied its motion for reconsideration, amended motion for reconsideration, and motion for leave to amend complaint and to add parties. Therefore, although two notices of appeal were filed, there is only one set of enumerations of error.

installments or partial payments shall result in your indebtedness being reinstated or renewed." Despite this, the Church continued to make payments to Commonwealth Church Finance, Inc., the securities broker that originally assisted the Church in issuing its mortgage bonds. Commonwealth forwarded these payments to Colonial Trust Company, the servicing agent that made sure the payments were made and properly disbursed to the bondholders and to Church Loans. These partial payments did not make the Church current on its indebtedness, and it continued to be in arrears on the loan until foreclosure.

After Brittain and Church Loans foreclosed and received a deed under power, the Church filed the complaint in this case, seeking to prevent Brittain and Church Loans from selling the property. The complaint alleged that the acceptance of the partial payments after the notice of foreclosure evidenced a new agreement between the parties which reinstated the loan and mortgage and waived the notice of foreclosure. Brittain and Church Loans moved for summary judgment on the complaint, and the court granted the motion. This appeal followed.

The Church argued below and on appeal that Commonwealth's President, Jim Murphy, and Marketing Manager, David Turner, met with the Church's pastor, Rev. Paden, and agreed that if the Church made certain payments before the foreclosure date, the foreclosure sale would be cancelled. Because the Church made the payments and the foreclosure sale took place anyway, the Church argues there was no legal basis for the sale.

The Church claims that Commonwealth had apparent authority to modify the agreement. Specifically, the Church argues that because Brittain and Church Loans allowed Commonwealth to accept payments after the foreclosure notice was sent and then retained the payments forwarded by Commonwealth, this was a ratification of the agreement between Murphy and Turner and the Church and also created the appearance of an agency relationship between Brittain and Church Loans and Commonwealth.

1. There is no evidence of apparent agency. An agency relationship "arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." OCGA § 10-6-1. It is undisputed that Commonwealth did not have express authority to act for Brittain and Church Loans.

There may be apparent authority, however, "when the statements or conduct of the alleged principal reasonably cause the third party to believe that the principal consents to have the act done on his behalf by the purported agent." (Emphasis omitted.) *Augusta Surgical Center v. Walton &c. Office Venture*, 235 Ga. App. 283, 286

(508 SE2d 666) (1998). In other words,

> [a]pparent authority is not predicated on whatever a third party chooses to think an agent has the right to do, or even upon what the agent says he can do, but must be based on acts of the principal which have led the third party to believe reasonably the agent had such authority.

(Punctuation omitted.) *Thompson v. Gen. Motors Acceptance Corp.*, 193 Ga. App. 740, 741 (1) (389 SE2d 20) (1989). See *Vandiver v. McFarland*, 179 Ga. App. 411, 413 (346 SE2d 854) (1986).

Here, the Church does not allege that Brittain or Church Loans ever made any statements or did any act which would cause the Church to believe that they consented to have Commonwealth act as their agent. Therefore, the Church has not raised an issue of fact as to whether Commonwealth had apparent authority to make the agreement.

2. Likewise, the Church introduced no evidence tending to show that Brittain and Church Loans ever ratified the agreement between Commonwealth and the Church. "For ratification to be effective, the principal must know of the agent's unauthorized act and, with full knowledge of all the material facts, accept and retain the benefits of the unauthorized act." *Bresnahan v. Lighthouse Mission*, 230 Ga. App. 389, 392 (496 SE2d 351) (1998); *Southtrust Bank of Ga. v. Parker*, 226 Ga. App. 292, 295 (486 SE2d 402) (1997). Not only is there no evidence in the record that Brittain and Church Loans knew about the agreement, the only evidence in the record is to the contrary. As previously stated, Brittain and Church Loans specifically told the Church that future payments would not reinstate the loan.

Therefore, there is no evidence that Commonwealth was acting as an agent for Brittain and Church Loans when it made the agreement with the Church. The trial court correctly granted the motion for summary judgment.

3. Brittain and Church Loans' motion to assess a penalty for frivolous appeal is denied.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 6, 1999 —
RECONSIDERATION DENIED OCTOBER 20, 1999 — 

*Newton H. Purvis, John A. Pickens*, for appellant.
*Smith, Welch, Studdard & Brittain, John P. Webb*, for appellees.