A99A2104. STALLINGS v. SYLVANIA FORD-MERCURY, INC.
(533 SE2d 731)

SMITH, Judge.

Gloria Stallings brought this automobile accident collision action against numerous defendants, including not only the driver of the

other vehicle, Kennedy,[1] and her father, Lowe, but also Sylvania Ford-Mercury, Inc., Effingham County, and the Georgia Department of Transportation. Her claims against Sylvania, an automobile dealership, are based on her contention that Kennedy was acting as *Sylvania's* agent in driving a "loaner" car that Sylvania gave to Kennedy while performing repairs on her father's truck or, alternatively, that Kennedy, her father, and Sylvania were partners in a joint venture. The trial court granted summary judgment in favor of Sylvania, and Stallings appeals. Because Stallings's arguments are without merit and based upon significant misunderstandings of the Georgia law of agency and joint venture, we affirm the trial court's thorough and well-crafted order.

1. No agency relationship was created here. First, Georgia law is abundantly clear that a "loaner" arrangement between car dealers and mechanics and their customers is a bailment, not an agency. *Nolley v. Maryland Cas. Ins. Co.*, 222 Ga. App. 901, 902 (1) (476 SE2d 622) (1996) (written agreement); *Johnson v. Hardwick*, 212 Ga. App. 44, 45 (2) (441 SE2d 450) (1994) (no written agreement; still considered bailment).

Second, Stallings misapprehends the nature of an agency. "The distinguishing characteristic of an agent is that he is vested with authority, real or ostensible, to create obligations on behalf of his principal, bringing third parties into contractual relations with him." (Citations and punctuation omitted.) *Physician Specialists &c. v. Wildmon*, 238 Ga. App. 730, 732 (1) (a) (521 SE2d 358) (1999). Nothing in the record suggests that Kennedy, as the driver of the "loaner" car, was given any authority by Sylvania to create an obligation on behalf of Sylvania or bind it to any contract or agreement. She was simply dropping off her father's car for repairs and taking the "loaner" car in exchange. Sylvania's vice president testified that this practice was merely a "courtesy" to regular customers as a matter of convenience and customer relations.

OCGA § 10-6-1 provides: "The relation of principal and agent arises whenever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." Any agency created here would have to be express, implied, or ratified after the fact. While Stallings argues an express agency, she has not provided any evidence in support of that contention.

The existence of agency may be proved by showing circumstances, apparent relations, and conduct of parties. It has

---

[1] Kennedy was unmarried and living at home at the time of the collision and at the time her deposition was taken; she has since married.

long been the Georgia rule that one who is a party to the alleged relationship (the principal or agent) may testify as a fact as to the existence or non-existence of the relationship and that such testimony would not be subject to the objection that the statement was a conclusion or the ultimate fact. The denial of the existence of any agency relationship may thus constitute an uncontradicted fact which will sustain a motion for summary judgment. Where the other party attempts to controvert this fact by circumstantial evidence it must be evidence sufficient to support a verdict. The circumstantial evidence must tend to establish the conclusion projected while rendering less probable all inconsistent conclusions.

(Citations and punctuation omitted.) *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790, 792 (2) (a) (359 SE2d 920) (1987).

Here, Sylvania's vice president, Ayers, explicitly denied that he or anyone at Sylvania requested that the driver act as an agent on Sylvania's behalf. He also denied entering into any joint venture or lease. He stated that the loan of a courtesy car was not automatic or guaranteed and that it was not a lease but "provided as a courtesy only." This assertion by a party to the alleged agency constituted sufficient evidence to support summary judgment. Moreover, Kennedy's mother testified that she had intended to drop off the truck for repairs but was unable to leave work and instructed her daughter to leave school early and drop off the truck at Sylvania. The uncontradicted testimony establishes that Kennedy was acting on behalf of her mother rather than for Sylvania.

While Stallings makes the conclusory assertion that Ayers gave contradictory testimony in his deposition, she does not identify by reference to the record *any* particular testimony she claims is contradictory. Court of Appeals Rule 27 (a) (1). Furthermore, a review of Ayers's brief deposition reveals nothing contradicting his affidavit testimony that Kennedy was not Sylvania's agent. He denied giving Kennedy any instructions, beyond reminding her to wear her seat belt as he gave her the keys. Sylvania's service manager also testified that he did not give Kennedy any directions or instructions. As in *Jackson v. Braddy*, 186 Ga. App. 284, 285-286 (367 SE2d 96) (1988), no direct evidence shows that Kennedy was Sylvania's agent, and the circumstantial evidence is consistent with the absence of an agency relationship.

Stallings argues that Kennedy, while delivering the car to the actual customer, her father, was for that brief period the agent of Sylvania. But "[t]he mere fact that a servant is performing work beneficial to a third person, does not render him the servant of such third

person." (Citations and punctuation omitted.) *Food Giant v. Davison*, 184 Ga. App. 742, 744 (362 SE2d 447) (1987). While Kennedy's action in picking up the car at her mother's direction arguably benefitted Sylvania in accomplishing delivery of the "loaner car" to its ultimate destination, the customer, she did not become Sylvania's agent in doing so. In *Brock v. Patterson*, 128 Ga. App. 257 (196 SE2d 351) (1973), an employee of a service station delivered a car to its owner by following her home as she drove another car. While the owner instructed the employee to "follow her," id. at 258, she did not pay the employee and did not give him any instructions regarding how to drive her car. We held that the service station employee did not become the agent of the car owner and "that only a bailment relationship existed between the parties with regard to Miss Brock's automobile." Id. As the service station employee in *Brock* acted on behalf of his employer, Kennedy acted at the direction of and on behalf of her mother, and she was not paid or given any instructions by Sylvania on how to drive the car. Her possession of the "loaner car," even if for the limited purpose of delivering it to her father, was a bailment and not an agency.

Implied agency may be created "when the statements or conduct of the alleged principal reasonably cause the third party to believe that the principal consents to have the act done on his behalf by the purported agent." (Citation and punctuation omitted.) *Holy Fellowship Church &c. v. Brittain*, 240 Ga. App. 436, 437 (1) (523 SE2d 93) (1999). But it

> is not predicated on whatever a third party chooses to think an agent has the right to do, or even upon what the agent says he can do, but must be based on acts of the principal which have led the third party to believe reasonably the agent had such authority.

(Citations and punctuation omitted.) Id. at 438 (1). Since Stallings was involved in an unexpected encounter with a driver and car previously unknown to her and has shown no prior knowledge on her part that Sylvania owned the car, she cannot demonstrate any act *of Sylvania* that caused her to believe that Kennedy was its agent. She has also failed to show that her reliance upon any representation by Sylvania led to her injury. *Texaco v. Youngbey*, 211 Ga. App. 789, 790 (440 SE2d 533) (1994).

Finally, Stallings does not allege or present any evidence showing a ratification by Sylvania of any act ostensibly done on its behalf by Kennedy. Stallings has failed to demonstrate agency by any of these methods, and the trial court correctly granted summary judgment on this basis.

2. Stallings alternatively contends that a joint venture was entered into by Kennedy and Sylvania, allegedly "to facilitate the repair of Mr. Lowe's truck by Sylvania." This argument also is without merit. A joint venture is created " 'when two or more combine their property or labor, or both, in a joint undertaking for profit, with rights of mutual control, provided the arrangement does not establish a partnership.' " *Helms v. Young*, 130 Ga. App. 344, 346 (1) (203 SE2d 253) (1973). And " '[t]here must be not only a joint interest in the objects and purposes of the undertaking, but also a right, express or implied, of each member of the joint venture to direct and control the conduct of the other.' " Id. Not only is there no showing of a combination of property or labor here, there is no right of control shown in *either* party to the alleged joint venture. The loaning of goods to a customer for trial, test, or convenience purposes is not a joint venture. In fact, *Helms* reiterates that a delivery of goods to another, after which the goods are to be returned to the original owner, is *not* a joint venture but a bailment. Id. at 347 (1). This is consistent with the decisions in *Nolley*, supra, and *Johnson*, supra, with specific reference to "loaner" cars. The trial court correctly granted summary judgment in favor of Sylvania on this basis as well.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MARCH 13, 2000.

*Edenfield & Cox, Gerald M. Edenfield, Susan W. Cox, Mary E. Adams*, for appellant.

*Brennan & Wasden, Joseph P. Brennan*, for appellee.