A07A2083. HARVEY et al. v. BANK ONE, N.A.
(658 SE2d 824)

MILLER, Judge.

David and Sharon Harvey appeal from the trial court's grant of partial summary judgment for Bank One, N.A., as Trustee ("Bank One"), upon its amended complaint seeking (i) reformation of a security deed between Ms. Harvey's father, Charlie W. Banks, and the Aames Funding Corporation ("Aames") as to three adjoining tracts of land based upon mutual mistake of the parties, and (ii) the invalidation of the foreclosure sale it had conducted upon such security deed. In addition to reforming the security deed and invalidating the foreclosure sale thereunder, the trial court denied Bank One's motion for summary judgment insofar as it sought a declaration that the warranty deed from Banks to the Harveys, dated February 2003, was void ab initio as a forgery. Discerning no error, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence shows that the real property at issue is located in Lamar County at 303 Bush Road in Barnesville ("the Property"). The Property consists of three adjoining tracts, Tract A, Tract B, and Tract C. A house is situated primarily on Tract A and partially on Tract B. Tracts A and B front onto Bush Road, and Tract C lies behind them.

At some point prior to February 7, 2000, Banks contracted to purchase the Property from the First National Bank of Barnesville ("First National") for $120,000. He thereafter obtained financing from Aames, and, on February 7, 2000, purchased the Property, receiving a limited warranty deed from First National which, in consonance with the intent of the parties, purported to convey the entire Property (the "Original Warranty Deed"). Banks thereafter executed and delivered a note (the "Note") and a security deed in favor of Aames (the "Security Deed") also purporting to convey the entire Property, both in the principal amount of $120,000. The Note and Security Deed were later transferred and assigned to Bank One.

On January 22, 2003, after it realized that the legal description of Tract A had been omitted from its Original Warranty Deed, First National issued a corrected warranty deed (the "Corrected Warranty Deed") to Banks that added Tract A to the legal description of the Property. Through an oversight at the closing, the Security Deed was not corrected to add Tract A to the legal description of the Property.

After Banks defaulted on the Note, Bank One declared the full amount of indebtedness due and exercised its power of sale under the uncorrected Security Deed. At the foreclosure sale, the Property was sold to Bank One as the highest bidder for $150,060.09. Bank One thereafter discovered that the legal description of the Property set out in the Security Deed had not been corrected to include Tract A, preventing its foreclosure thereon. The instant litigation followed.

1. The Harveys contend that the trial court erred in granting Bank One partial summary judgment on its claim for reformation of the Security Deed based upon mutual mistake of the parties as to the portion of the Property Banks conveyed to Aames as collateral for its loan to Banks. Specifically, the Harveys concede that the Security Deed should be reformed to convey Tract A in addition to Tract C. As to Tract B, however, the Harveys argue that the Security Deed should be reformed to convey only so much thereof as the house is actually situated on. In such regard, the Harveys acknowledge that as non-parties to the Security Deed, they generally would lack standing to challenge its validity. See *Haldi v. Piedmont Nephrology Assoc.*, 283 Ga. App. 321, 322 (641 SE2d 298) (2007). The Harveys assert, however, that Sharon Harvey's testimony as to the intent of the

parties at the time the Corrected Warranty Deed was executed is relevant because Banks was then acting as their agent. We disagree.

In addition to the Corrected Warranty Deed, Bank One supported its motion for summary judgment seeking reformation of the uncorrected Security Deed by Banks' affidavit. Therein, Banks testified that his intent in executing the original warranty deed was to grant Aames a first priority security interest in "all of the Improved Property, and specifically to include the land upon which the house is situated when I signed the Security Deed." In opposition to summary judgment and arguing apparent agency as to Banks' actions in executing the Security Deed on their behalf, the Harveys provided the affidavit of Sharon Harvey. By her affidavit, Ms. Harvey testified that "[i]t was the intention of my husband, as well as my father, to only convey the lot on which we thought the house sat and the one acre lot behind it as collateral for the loan in favor of Aames."

Where the existence of an agency relationship is relied upon, the burden of proof rests with the party asserting the existence of such relationship. *Carter v. Kim*, 157 Ga. App. 418 (277 SE2d 776) (1981). While the record shows that Banks purchased the house for his daughter to live in at her request and that he offered his credit for the benefit of the Harveys in doing so, there is no evidence that he was acting as their agent when he executed the Security Deed.

Under Georgia law, an agency relationship is created "wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." OCGA § 10-6-1. "The distinguishing characteristic of an agent is that he is vested with authority, real or ostensible, to create obligations on behalf of his principal, bringing third parties into contractual relations with him." (Citations and punctuation omitted.) *Stallings v. Sylvania Ford-Mercury*, 242 Ga. App. 731, 732 (1) (533 SE2d 731) (2000).

> Where[, as here,] the only evidence that a person is an agent of another party is . . . an inference drawn from the actions of that person that he . . . was an agent of another party, such evidence has no probative value and is insufficient to authorize a finding that such an agency exists.

(Citations and punctuation omitted.) *Dunn v. Venture Bldg. Group*, 283 Ga. App. 500, 504 (642 SE2d 156) (2007).

Further, the Harveys argue that Banks' affidavit in support of Bank One's motion for summary judgment was insufficient to establish the intent of Aames in entering into the Security Deed, since it was not based on personal knowledge. Inasmuch as this argument was not raised and ruled upon below, it is waived on appeal. See

*Danforth v. Govt. Employees Ins. Co.*, 282 Ga. App. 421, 429 (7), n. 36 (638 SE2d 852) (2006) ("Arguments unsupported by reference to the record or transcript to show that they were raised in the trial court are considered abandoned.") (citation omitted).

The Harveys admit that they were not parties to the Security Deed between Banks and Aames, and they have failed to establish that an agency relationship existed between themselves and Banks. Thus, Ms. Harvey's testimony as to the intent of the parties upon entering into the Security Deed is immaterial (*Dunn*, supra, 283 Ga. App. at 504), and partial summary judgment for Bank One as to its claim for reformation of the Security Deed was proper based upon the Security Deed's failure to include the full legal description of the Property, as above. *Matjoulis*, supra, 226 Ga. App. at 459 (1).

2. The Harveys also contend that Bank One's claim in equity for reformation is barred by the doctrine of laches. This issue, however, was not raised and ruled upon below. Consequently, it is waived on appeal. *Danforth*, supra, 282 Ga. App. at 429 (7). Even were it otherwise, the Harveys have failed to proffer any evidence to support this defense. To establish the affirmative defense of laches, the Harveys were required to come forward with evidence showing inexcusable delay and prejudice resulting therefrom. *Grant v. Fourth Nat. Bank of Columbus*, 229 Ga. 855, 868 (7) (a) (194 SE2d 913) (1972). By their appellate brief, the Harveys correctly note that Bank One allowed two years to elapse after it became aware that the house was primarily on Tract A instead of Tract B before bringing this suit, making discovery more difficult. The Harveys point to no evidence of record to such effect, and we find none. The mere lapse of time is insufficient to establish the affirmative defense of laches. Id. Accordingly, the instant claim of error is also without merit.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MARCH 5, 2008.

*Richard L. Collier*, for appellants.

*Smith, Diment & Conerly, Richard A. Diment, Hollowell, Foster & Gepp, Patrise Perkins-Hooker*, for appellee.