**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 4, 2015**

# In the Court of Appeals of Georgia

A14A2241. KIDS R KIDS INTERNATIONAL, INC. v. COPE et al.  DO-112

DOYLE, Presiding Judge.

This interlocutory appeal arises from a personal injury claim filed by Veronica Higgs Cope, as guardian and next friend of her minor child, after he sustained injuries to his face at a daycare center owned by Gonzales Foods, Inc., and franchised by Kids R Kids International, Inc. ("KRK"). The trial court denied summary judgment to KRK, and this appeal followed. . For the reasons that follow, we reverse.

We review de novo a summary judgment ruling.[1]

To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party,

---

[1] See *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions[,] and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.[2]

Construed in favor of Cope, the material facts relevant to this appeal show that her three-year-old son sustained injuries to his face when he collided with a metal gate in the play area at school. Cope filed a negligence action against Gonzales and KRK, alleging that the defendants failed to: (1) properly monitor and observe her son; (2) exercise reasonable care in providing services to her son; (3) properly secure the classroom; (4) properly inspect its facility; (5) keep the premises safe; and (6) protect her son from an unreasonable risk of harm of which they knew or should have known.

---

[2] (Punctuation omitted.) *Bright v. Sandstone Hospitality, LLC*, 327 Ga. App. 157 (755 SE2d 899) (2014), quoting *Dew v. Motel Properties, Inc.*, 282 Ga. App. 368 (638 SE2d 753) (2006).

KRK moved for summary judgment on Cope's negligence claims, arguing that as a franchisor, it did not own, operate, have any involvement in the day-to-day operations of the child care center, nor have any financial interest in the facility. The trial court denied the motion, summarily concluding that "there are genuine issues of fact," and certified its order for immediate review.[3] KRK appeals, following our grant of its interlocutory application.

KRK argues that the trial court erred by denying its motion for summary judgment because KRK was not vicariously liable for its franchisee's alleged negligence. We agree.

"In order to impose liability on the franchisor for the obligations of the franchisee, it must be shown that: (a) the franchisor has by some act or conduct obligated itself to pay the debts of the franchisee; or (b) the franchisee is not a franchisee in fact but a mere agent or 'alter ego' of the franchisor."[4] Here, it is undisputed that KRK was not obligated to pay the debts of Gonzales Foods, so

---

[3] It is not clear from the trial court's order whether it found material questions of fact remaining on the issue(s) of apparent agency, actual agency, or both.

[4] (Punctuation omitted.) *Schlotzsky's, Inc. v. Hyde*, 245 Ga. App. 888, 888-889 (538 SE2d 561) (2000).

KRK's vicarious liability depends upon whether Gonzales Foods was an agent of KRK.

1. *Actual Agency*.

> The historical test applied by courts in this state to determine whether an agency relationship exists is whether the contract gives, or the employer assumes, the right to control the time and manner of executing the work, as distinguished from the right merely to require results in conformity to the contract.[5]

When applying this test to a franchisor-franchisee arrangement,

> we must be mindful of the special relationship created by [such an] agreement, for a franchisor is faced with the problem of exercising sufficient control over a franchisee to protect the franchisor's national identity and professional reputation, while at the same time foregoing such a degree of control that would make it vicariously liable for the acts of the franchisee and its employees.[6]

> Given this special relationship, we have held that a franchisor may protect its franchise and its trade name by setting standards governing its franchisee's operations, and these standards may be quite detailed, specific, and strict. Moreover, the fact that a franchise agreement

---

[5] (Citations and punctuation omitted.) *Pizza K, Inc. v. Santagata*, 249 Ga. App. 36, 37 (547 SE2d 405) (2001).

[6] Id.

4

authorizes periodic inspections of the franchise and gives the franchisor the right to terminate the agreement for noncompliance is not enough to prove an agency relationship.[7]

Here, the Franchise Agreement between KRK and Gonzales Foods set forth detailed standards regarding advertising, hours and days of operation, decor (including furniture and equipment), employee training, requirements for employment eligibility, and employee record retention, and it granted KRK the right to inspect the school for compliance with such standards.[8] The Agreement also provided, however, that Gonzales Foods or the Center Director "will assume responsibility for the day-to-day management and operation of the Center Site and supervision of personnel."[9]

---

[7] (Punctuation omitted.) *DaimlerChrysler Motors Co., LLC v. Clemente*, 294 Ga. App. 38, 45 (1) (a) (668 SE2d 737) (2008).

[8] The Agreement, entitled "KIDS 'R' KIDS FRANCHISE AGREEMENT," clearly designates KRK as "Franchisor" and Gonzales Foods as "Franchisee."

[9] KRK also relies upon a provision in Exhibit I to the Franchise Agreement, the Supply Agreement, which provides: "14. *Independent Contractor*. Franchisor and Franchisee agree that their relationship to one another under this Agreement shall be that of independent contractors, and that nothing contained herein or in any instrument, agreement[,] or other document delivered pursuant hereto or in connection herewith shall make either of the parties hereto the partner, joint venturer, agent[,] or employee of the other." Cope, however, argues that the Supply Agreement is inadmissible because the specific pages thereof were not initialed by the parties. The signature page was in fact signed, and the document was labeled as "Exhibit I" of the Franchise Agreement, which was also signed by the parties. Cope has failed to

Thus, because KRK "did not reserve to itself the right to control the time, manner, or method in which [Gonzales Foods], through its employees, actually executed [the] standards [required in the Franchise Agreement]," there was no evidence that Gonzales Foods was an actual agent of KRK for purposes of vicarious liability.[10]

2. *Apparent Agency*. Cope alternatively seeks to hold KRK vicariously liable for Gonzales Foods's actions under the doctrine of apparent agency.

> In order to recover under a theory of apparent or ostensible agency, a
> plaintiff must establish three elements: (1) that the alleged principal held
> out another as its agent; (2) that the plaintiff justifiably relied on the care

---

point to any authority to support her contention that the lack of initials on the individual pages of the Supply Agreement invalidates the entire agreement. Nevertheless, we have not relied upon it because the language of the Franchise Agreement defeats Cope's actual agency argument.

[10] *Schlotzky's*, 245 Ga. App. at 889. See also *DaimlerChrysler Motors Co., LLC*, 294 Ga. App. at 45-46 (1) (a); *Anderson v. Turton Dev., Inc.*, 225 Ga. App. 270, 274 (2) (a) (483 SE2d 597) (1997). See also *McMullan v. Ga. Girl Fashions, Inc.*, 180 Ga. App. 228, 229 (2) (348 SE2d 748) (1986) ("Where the question of agency vel non rests upon a written document and inferences deduced therefrom, as in the instant case, the issue presented is a question of law for the trial court since construction of written contracts is exclusively for the judge."). We also note that in the Franchise Agreement, Gonzales Foods agreed to indemnify KRK against "any and all loss . . . damages and liabilities." See *Bright v. Sandstone Hospitality, LLC*, 327 Ga. App. 157, 158 (1) (a) n. 3 (755 SE2d 899) (2014).

6

or skill of the alleged agent based upon the alleged principal's representation; and (3) that this justifiable reliance led to the injury.[11]

In support of her apparent agency argument, Cope maintains that "all signage and documentation" at the daycare center contained the name and trademarks of KRK and that daycare staff wore shirts bearing the KRK logo. Cope also relies upon her affidavit, in which she stated that "[n]o sign or plaque was prominently displayed inside the daycare center [that] indicated that the daycare facility was owned or operated by Gonzales Foods or any other entity other than [KRK]."

To defeat Cope's apparent agency argument, KRK relies upon a provision in the single-page enrollment agreement Cope signed when she enrolled her son in the daycare center, in which she acknowledges that "[KRK] – No. 31 – 475 South Deshon Road – while a [KRK] franchise, is independently owned and operated and that neither [KRK] nor any [KRK] center other than the one whose name appears at the heading of this form is responsible for the actions or obligations of this [c]enter." And in contrast to Cope's affidavit denying such a sign, KRK provided the affidavit of an officer of Gonzales Foods stating that "[a]t the time . . . Cope enrolled her son

---

[11] (Punctuation omitted.) *Bright*, 327 Ga. App. at 158 (1) (a), quoting *Butkus v. Putting Greens Intl. Corp.*, 222 Ga. App. 661, 663 (475 SE2d 693) (1996).

in and during the time he attended the daycare/early learning center, a framed document identifying Gonzales Foods, Inc. d/b/a [KRK] No. 31 as a [f]ranchise of [KRK] was hanging on the wall next to the front desk and was clearly visible to all persons visiting the daycare/early learning center."[12]

We have held, however, "that merely displaying signs or a trademark may be insufficient to establish an apparent agency relationship, and that *a failure to post a sign stating that someone other than the franchisor owns and operates a business is insufficient, standing alone, to show apparent agency*."[13] To establish the required elements of apparent agency, "it is not enough that the plaintiff *believe* that an agency relationship exists. Neither is it sufficient that the *agent* represent his status as agent. It must be established that the *principal* held out the agent as its agent."[14]

---

[12] Cope points out that KRK failed to produce the sign during discovery, instead relying upon a revised copy of a template, which was revised in April 2013 and was allegedly used to create the sign.

[13] (Citations omitted; emphasis supplied.) *Bright*, 327 Ga. App. at 159 (1) (a), citing *Texaco Inc. v. Youngbey*, 211 Ga. App. 789, 790 (440 SE2d 533) (1994) & *Anderson*, 225 Ga. App. at 275 (2) (b).

[14] (Citations omitted; emphasis in original.) *Butkus*, 222 Ga. App. at 663, citing *Fortune v. Principal Financial Group*, 219 Ga. App. 367, 370 (465 SE2d 698) (1995) & *Watson v. Howard Johnson Franchise Systems*, 216 Ga. App. 237, 238 (453 SE2d 758) (1995). See also *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507, 507-508 (361 SE2d 164) (1987), citing Restatement of the Law, Agency § 267.

Here, pretermitting whether the remaining evidence – i.e., KRK's requirements regarding its signage at the facility and the KRK insignia on clothing worn by staff – was sufficient to establish that *KRK* held out Gonzales as its agent, Cope cannot demonstrate justifiable reliance given her express acknowledgment in the enrollment agreement that the daycare center was a franchise and that KRK was not responsible for the actions or inactions of the facility.

Accordingly, the trial court erred by denying summary judgment to KRK.

*Judgment reversed. Miller and Dillard, JJ., concur*.

9