[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14102
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00075-RWS

S.B.,
on behalf of herself and all others similarly situated,

Plaintiff-Appellant,

versus

TENET HEALTHCARE CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 18, 2018)

Before WILLIAM PRYOR, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

S.B. appeals the dismissal with prejudice of her amended complaint against Tenet Healthcare Corporation. S.B. sought, on behalf of herself and other Hispanic women, reimbursement for travel and medical expenses allegedly incurred as a result of an agreement that Tenet had with Clinica de la Mama to refer pregnant immigrants who were eligible for emergency Medicare coverage to Tenet-owned hospitals for labor and delivery services. The district court ruled that S.B. failed to state a claim for fraud, negligent misrepresentation, breach of contract, or breach of the implied duty of good faith and that her claims for money had and received and unjust enrichment were untimely. We affirm.

## I. BACKGROUND

Clinica offered prenatal care and ancillary services to predominantly uninsured and indigent Hispanic women residing in Georgia. For a fee, Clinica assigned a pregnant woman to a doctor who provided prenatal and delivery services at a designated hospital. After delivery of a baby, the hospital became eligible for Medicaid payments for the prenatal, delivery, and newborn services.

Tenet owned several for-profit hospitals that received payments from Medicaid for delivery and newborn services, including the Atlanta Medical Center. Tenet contracted with Clinica to provide management, marketing, and translation services for Tenet hospitals. In actuality, Tenet paid Clinica kickbacks for referring

2

pregnant Hispanic women who were eligible to receive emergency Medicaid benefits to Tenet hospitals.

In 2006, Clinica advised S.B., who was uninsured, to enroll in an emergency Medicaid program. Clinica assigned S.B. to an obstetrician who, Clinica represented, had to deliver S.B.'s baby at Atlanta Medical to ensure that Medicaid covered her prenatal and delivery costs. Although S.B. would have preferred to use a hospital closer to her home, she delivered her child at Atlanta Medical. S.B. incurred "a variety of higher costs" at Atlanta Medical, including co-payments and invoices for expenses that exceeded her Medicaid coverage.

In 2009, S.B. conceived twins and returned to Clinica. S.B. was insured, but Clinica advised S.B. to enroll in the emergency Medicaid program because her insurance policy would not pay the costs of her high-risk pregnancy. Clinica referred S.B. to Dr. Wendell Hackney, who informed S.B. that she was required to deliver her twins at Atlanta Medical. And Clinica warned that it would terminate S.B.'s prenatal services if she visited another hospital. Dr. Hackney, other doctors, and staff at Atlanta Medical instructed S.B. that she had to return to the hospital for prenatal services and for her delivery, and S.B. traveled six times to Atlanta Medical for threatened miscarriages. Atlanta Medical charged S.B. "higher costs" for its services, as it did during her first pregnancy.

3

In 2010, S.B. learned that her private insurance would have covered her prenatal care for and the delivery of her twins. S.B. demanded that Clinica refund the expenses that she had incurred. Clinica refused to reimburse S.B.

In 2016, Tenet agreed to pay $513 million to resolve criminal and civil litigation involving the kickbacks that Tenet hospitals had paid Clinica. Atlanta Medical and other hospitals pleaded guilty to conspiring to defraud the United States and to violating the federal anti-kickback statute, 42 U.S.C. § 1320a-7b. The settlement did not compensate Clinica and Tenet patients.

In December 2016, S.B. sued Tenet in a Georgia court, and Tenet removed the complaint to the district court. Tenet moved to dismiss S.B.'s complaint, but S.B. did not respond. Instead, S.B. filed an amended complaint that alleged claims against Tenet for fraud, negligent misrepresentation, money had and received, unjust enrichment, breach of contract, and breach of the implied duty of good faith and fair dealing.

Tenet filed a motion to dismiss S.B.'s amended complaint, which the district court granted. The district court ruled that S.B. failed to state claims for negligent misrepresentation or for fraud because she provided no "factual allegations to show that Tenet held Clinica out as its agent" in order "to hold Tenet liable for Clinica's alleged misrepresentations"; she "did not identify a single alleged misrepresentation that Tenet itself made to her upon which she relied"; and she did

4

not allege "sufficient facts regarding the 'who, what, when, where or how' of the alleged fraud." The district court also ruled that S.B. failed, as required to state claims for breach of contract and for breach of the implied duty of good faith, to "allege a particular contractual provision that [Tenet] violated." And the district court determined that S.B.'s claims for money had and received and for unjust enrichment based on events that occurred in 2006 and 2009 were barred by the four-year statutes of limitation applicable to those causes of action, *see* Ga. Code Ann. §§ 9-3-25, 9-3-26.

## II. STANDARD OF REVIEW

We review *de novo* a dismissal for failure to state a claim. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Dismissal is appropriate when "the factual allegations in the complaint [fail to] 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Id.* (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)). We also review *de novo* the dismissal of a complaint as untimely. *See Berman v. Blount Parrish & Co., Inc.*, 525 F.3d 1057, 1058 (11th Cir. 2008). The timeliness of an action depends on a "determination[ ] of state law," which we review *de novo*. *See Venn v. St. Paul Fire and Marine Ins. Co.*, 99 F.3d 1058, 1062 (11th Cir. 1996).

### III. DISCUSSION

S.B. contests the dismissal of her amended complaint. S.B. argues that the factual allegations on which she based her claims of fraud and negligent misrepresentation were sufficient to establish that Clinica, as the agent of Tenet, made material misrepresentations that caused her to use a Tenet hospital for prenatal and delivery services. S.B. also argues that she was entitled to discovery to support her claims for fraud and for negligent misrepresentation. S.B. contends that her claims for money had and received and for unjust compensation were timely because the statutes of limitation accrued in 2016 when the public learned of the fraud and, alternatively, because the statutory periods were tolled due to fraudulent concealment by Tenet. And S.B. contends that her failure to provide "specifics as to the contractual terms that [had] been breached" by Tenet was not fatal to her claims for breach of contract and for breach of the implied duty of good faith. We address each argument in turn.

S.B. alleged no facts to support a plausible inference that Clinica was an agent of Tenet. S.B. provided only conclusory allegations that Tenet "utilized Clinica as its agent," that "Clinica's owner and operators . . . acted as agents of the hospitals," and that Tenet gave "explicit instructions" to Clinica. *See Thornton v. Carpenter*, 476 S.E.2d 92, 94 (Ga. Ct. App. 1996) ("[A] bare assertion of the existence of an agency relationship, when made by an outsider to the alleged

6

relationship, is not a statement of fact, but merely an unsupported conclusion of law."). And S.B. failed to allege facts to support a plausible inference that "the statements or conduct of [Tenet] reasonably cause[d] [her] to believe that [Tenet] consent[ed] to have . . . act[s] done on [its] behalf by [Clinica]." *Dunn v. Venture Bldg. Grp., Inc.*, 642 S.E.2d 156, 159 (Ga. Ct. App. 2007). S.B. alleged that Clinica, the obstetricians that Clinica assigned to S.B., and the obstetricians' staff misrepresented that S.B. had to use Atlanta Medical for her prenatal and delivery services, but apparent authority had to "be based on acts of the principal," Tenet, not Clinica. *Id.* (quoting *Holy Fellowship Church of God in Christ v. Brittain*, 523 S.E.2d 93, 95 (1999)). S.B. argues that she "established Clinica's agency relationship" by alleging that "Tenet doctors and staff" also instructed her to use Atlanta Medical, but we disagree. Any "assumption that [S.B. made that an] agency existed . . . is insufficient to authorize a finding that such an agency exists," *Hinely v. Barrow*, 313 S.E.2d 739, 741 (Ga. Ct. App. 1984) (quoting *Shivers v. Sexton*, 296 S.E.2d 749, 750 (Ga. Ct. App. 1982)). S.B. failed to identify any statements or conduct by Tenant in which it held out Clinica as its agent.

S.B. was not entitled to engage in discovery to unearth facts to support her claims for fraud and for negligent misrepresentation. When Tenet moved to dismiss S.B.'s complaint for her failure to plead fraud with particularity, *see* Fed. R. Civ. P. 9(b), that "[f]acial challenge[] to the legal sufficiency of [S.B.'s]

7

claim[s] . . . [required] resol[ution] before discovery beg[an]." *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Because "the allegations contained in [S.B.'s] pleading [were] presumed to be true," the resolution of the motion of Tenet to dismiss "present[ed] a purely legal question" that eliminated "any need for discovery before the [district] court rule[d] on the motion." *Id.*

The district court did not err by dismissing S.B.'s claims for money had and received and for unjust compensation as untimely. Each of those causes of action is governed by a four-year statute of limitation. *See* Ga. Code Ann. §§ 9-3-25, 9-3-26. S.B. based her claims on invoices issued and payments collected by Tenet in 2006 and 2009, but S.B. waited to sue until 2016, more than seven years after the alleged misconduct occurred and long after the four-year limitation period expired. S.B. argues that her claims did not accrue "until September 2016" when she, "like the public in general, . . . bec[a]me aware of [Tenet's] misrepresentations," but we decline to consider an argument that S.B. did not present to the district court. *See FDIC v. Verex Assurance, Inc.*, 3 F.3d 391, 395 (11th Cir. 1993) ("[A]ppellate courts generally will not consider an issue or theory that was not raised in the district court.").

S.B. argues that the statutes of limitation for money had and received and for unjust compensation were tolled due to fraudulent concealment by Tenet, but we

disagree. S.B.'s allegations that Tenet "knowingly and willfully concealed material facts" about its wrongdoing and "denied [her] any refunds whatsoever" did not satisfy the requirement that a party establish "something more tha[n] mere concealment," *Gropper v. STO Corp.*, 552 S.E.2d 118, 123 (Ga. Ct. App. 2001). *See Robertson v. Robertson*, 778 S.E.2d 6, 11 (Ga. Ct. App. 2015) ("mere silence is insufficient to show fraudulent concealment"). Tolling is appropriate only when a plaintiff establishes that the defendant committed "some trick or artifice . . . to prevent inquiry or elude investigation, or to mislead and hinder [S.B.] from obtaining the information" needed. *See id.* (quoting *Mayfield v. Heiman*, 730 S.E.2d 685, 690 (Ga. Ct. App. 2012)). S.B. argues that the silence and concealment by Tenet was sufficient to warrant tolling because they shared a confidential or fiduciary relationship, but in Georgia, a hospital does not have a confidential relationship with its patients nor is any fiduciary duty owed "with respect to the price . . . charge[d] for medical care." *Morrell v. Wellstar Health Sys., Inc.*, 633 S.E.2d 68, 73–74 (Ga. Ct. App. 2006). *See Cox v. Athens Reg'l Med. Ctr., Inc.*, 631 S.E.2d 792, 798 (Ga. Ct. App. 2006).

The district court correctly dismissed S.B.'s claims for breach of contract and for breach of the implied duty of good faith. S.B. failed to allege a contractual provision that Tenet breached. And without a contract, S.B.'s claim for breach of the implied duty of good faith and fair dealing failed as a matter of law because

9

"the covenant cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability." *See Secured Realty Inv. v. Bank of N. Ga.*, 725 S.E.2d 336, 339 (Ga. Ct. App. 2012).

## IV. CONCLUSION

We **AFFIRM** the dismissal of S.B.'s complaint.